UNITED STATES, Appellant

v.

WILLIAM JOSEPH TAYLOR, Private, U. S. Marine Corps, Appellee

5 USCMA 523, 18 CMR 147

No. 5746

Decided March 4, 1955

CDR George H. Rood, USN, for Appellant.
CDR James A. Brough, USN, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A board of review set aside the accused's conviction by a special court-martial for disobedience of a lawful order and for two separate unauthorized absences, in violation of Articles 90 and 86, respectively, Uniform Code of Military Justice, 50 USC §§ 684, 680. The board of review based its action on the ground that certain entries in the accused's service record, which were admitted as evidence of his unauthorized absences, were signed by the officer who later acted as the convening authority. The Judge Advocate General of the Navy asked us to review the legal correctness of the board of review decision.

In United States v. McClenny, 5 USCMA 507, 18 CMR 131, which was consolidated for argument with this case, we held that a convening authority does not retroactively become an accuser when he appears at the trial as a witness against the accused. His status as an accuser must be determined as of the time he convenes the court. However, consideration may be given to testimony which he gives at the trial to determine whether he had a personal interest in the outcome of the case at the time he convened the court. If his testimony does not show such interest, and there is no other evidence from which such interest may be inferred, his authority to convene the court is unassailable. At the same time, we pointed out that if the convening authority later acts as the reviewing authority, the nature of his testimony, in relation to the other evidence, may so affect the impartiality of the review as to require that he be disqualified. At that stage of the proceedings, the test is whether a reasonable person would impute to the reviewing authority a personal interest in the outcome of the review. In McClenny, we found such a personal interest.

In this case, the testimony of the reviewing authority consists solely of official records. The accuracy of those records is unquestioned. More than that, the accused in his own testimony admitted that he was, "over the hill" for the periods set out in the specifications of the charge. Hence, there is no basis for imputing a personal interest in the outcome of the review on the part of the reviewing officer. This case is, therefore, distinguishable from *McClenny*, and requires a different conclusion.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General

of the Navy for action consistent with this opinion.

Judge LATIMER concurs.

BROSMAN, Judge (concurring):

I concur. See my brief memorandum in United States v. McClenny, 5 USCMA 507, 18 CMR 131.